CASE 37—MOTION—JANUARY 10.

## Board vs. Helm.

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

1. Whenever an officer in good faith, and in the exercise of his official discretion, *doubts* whether personal property levied upon by him under execution is subject to levy or sale, the law gives him the right to demand the bond of indemnity required by section 709 of the Civil Code. This right is not confined to any particular class of cases; and the existence of such a doubt is the sole condition upon which the right depends.

2. The sheriff's return upon an execution showed that in the action in which the judgment was rendered, process had not been served on the party whose property had been seized by him, but on another person of the same name, and that the levy was made with the understanding that he was to be indemnified by the plaintiff before selling. Upon motion for a rule against the sheriff to compel him to make the sale: *Held*—That he was justified in *doubting* whether the property was subject to the execution, and in demanding of the plaintiff a bond of indemnity before he would proceed to sell.

W. T. COALE for appellant.

JNO. M. HARLAN and J. B. BRUNER for appellee.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

By the Civil Code, (*sec.* 709,) if an officer who levies an execution upon personal property doubts whether it is subject to the execution, he may notify the plaintiff that an indemnifying bond is required, and thereupon such bond may be given by or for the plaintiff; and when given, the officer shall proceed to subject the property to the execution. But if the required bond is not given, the officer may refuse to levy the execution, or, if it has been levied, and the bond is not given in a reasonable time after it is required by the officer, he may restore the property to the person from whose possession it was taken, and the levy shall stand discharged. (*Sec.* 710.)

These provisions were intended to afford ministerial officers the most ample protection against the consequences of illegal seizures and sales of property under execution. The right of the officer to demand the indemnity here provided for is not, as has been suggested in argument, confined to any particular class of cases; but, by the comprehensive and general terms of the statute, such right extends to every case in which the officer doubts whether the property levied on is subject to the execution. The existence of this doubt is thus made the sole condition upon which his right to demand the bond of indemnity depends. But in this, as in all other matters of official duty, the officer must act in good faith, and we would not be understood as deciding that the law would tolerate the refusal of the sheriff to levy upon, or to sell property under an execution, upon the mere suggestion of unreasonable doubts or scruples, set up as a pretext for delaying the execution of the process, or for imposing an unnecessary and unreasonable

burthen upon the plaintiff. But whenever the officer, in good faith, and in the exercise of his official discretion, *doubts* whether the property is subject to levy or sale, the law gives him the right to demand the bond of indemnity, whereby the risk of the consequences is transferred from himself to the plaintiff in the execution.

That the demand of a bond of indemnity in this case was not unreasonable, is very clearly shown by the record. The sheriff states in his return that he levied the execution upon the two crops of tobacco, with the understanding that he was to be indemnified by the plaintiff before selling ; that the judgment on which the execution issued was obtained without service of process upon the party on whose property the levy was made, but that the process had been served on another party of the same name, and he was, therefore, advised that there was no valid judgment against the former, and that the execution gave him no authority to levy, or to sell the property levied on; and the plaintiff having declined to indemnify, he did not sell, and would not, until satisfied he could do so safely.

Upon these facts, which, for the purposes of this case, must be assumed to be true, the sheriff had no right to subject the property levied on to sale, but would, if he had done so, have rendered himself liable in damages to the owner of the property. The effect of his statement is, that in the action in which the judgment was rendered process had not been served on the party whose property had been seized, but on another person of the same name. If this be true, then, in point of fact, there was no judgment against the former, and he was therefore a stranger to both the judgment and the execution which issued on it, and the seizure and sale of his property under that execution would have been a trespass for which he might have maintained his action against the sheriff. Under such circumstances, was not the sheriff justified in *doubting* whether the property was subject to the execution, and in demanding of the plaintiff a bond of indemnity before he would proceed to sell? Why the plaintiff refused to give the required bond according to the understanding referred to by the sheriff in his return, does not appear.

The court below, therefore, erred in ordering the sheriff to proceed to make sale of the property levied on. If, in any case, a proceeding by rule against a sheriff, to compel him to execute final process in a particular mode, be proper, it certainly was not authorized by the facts of this case. If the return of the officer is untrue, the law affords the plaintiff in the execution a plain and ample remedy, by appropriate action against him and his sureties.

It is proper to remark that there is nothing in the opinion of this court in the case of *Helm vs. Mattingly*, which precluded the sheriff from showing the facts stated in his return. All that was said upon that point, in the opinion referred to, was, that there was nothing in the record then before the court from which it could be assumed that the two judgments were rendered against two different persons of the same name.

The judgment is therefore reversed, and the cause remanded with directions to discharge the rule.