JOHN GORMLEY *vs.* AMOS M. KYLE.

Suffolk.    March 11. — May 9, 1884.    DEVENS & COLBURN, JJ., absent.

The buyer of land at a sale by auction is not bound to pay the purchase money and accept the deed tendered, and leave the seller to clear up defects in the title afterwards with the aid of the purchase money.

If the parties to a sale of land by auction meet on the day fixed for the performance of the contract, and the seller, without waiting for a formal request by the buyer, tenders a deed of the land, which is insufficient to convey a good title, and the buyer refuses to accept it upon that ground, no formal tender by the buyer of the balance of the purchase money, or offer to perform on his part, or request to the seller for performance, are necessary, if the buyer is ready to perform, in order to entitle him to maintain an action against the seller for the portion of the purchase money paid at the sale.

CONTRACT for money had and received, being the amount paid by the plaintiff as part of the purchase money at a sale by the defendant of land by auction.   Trial in the Superior Court, without a jury, before *Pitman,* J., who found for the plaintiff; and the defendant alleged exceptions.   The facts appear in the opinion.

*W. O. Kyle,* for the defendant.

*F. C. Welch, ( W. E. Welch* with him,) for the plaintiff.

C. ALLEN, J.   When the plaintiff's attorney and the defendant met, on the morning of April 8, 1882, the defendant was in no condition to carry out his contract, and the deed which he tendered would not have conveyed a title which the plaintiff was bound to accept.   Without mentioning other supposed defects, there were two outstanding mortgages and an outstanding attachment.   The defendant made no offer to discharge these

incumbrances, as was done in *Howland* v. *Leach*, 11 Pick. 151, 155, where it was manifest from the evidence that the vendor could and would have given a good title, and that the purchaser's refusal to complete the contract was not founded upon any doubt of the vendor's ability to do so. Such was not the case here. The plaintiff was not bound to pay the purchase money and accept the deed, and leave the defendant to clear up the defects in the title afterwards with the aid of the purchase money. Besides, the concealment of the Kittredge mortgage, which might have been put on record at any moment, was a close approach to a fraud.

But the stress of the argument for the defendant rests on the ground that the plaintiff did not tender the purchase money, or offer to perform his part of the contract, or request performance by the defendant, and that he abandoned the contract before the expiration of the time limited for its performance by the defendant. To this, the findings of the judge are a sufficient answer. "The parties treated the matter as if the time had expired. The defendant made tender of his deed. No further time was asked. Nothing was said about improving the title. As the title then stood, the plaintiff refused it, and had a right to. The parties then stood on their rights, and separated. At the time the parties treated the matter as closed, the defendant had not a legal and unincumbered title to the land." These findings were well warranted by the evidence. The defendant tendered an insufficient deed, as and for a compliance with the contract on his part. This was virtually a refusal by him to do what he had engaged to do. The parties met upon the day fixed for the performance of the contract. Without waiting for a formal request, the defendant tendered his deed. The plaintiff objected to it as insufficient, and refused to accept it on that ground. Under such circumstances, the judge might well find that no formal tender of money, or offer to perform, or request to the defendant, was necessary; that it was sufficient if the plaintiff was ready to perform; that the act of the defendant was a waiver of the necessity of a formal request to him in terms; and that there was an implied request. And all this appears to be involved in his finding for the plaintiff. *Cook* v. *Doggett*, 2 Allen, 439.                         *Exceptions overruled.*