## FRANCIS C. BROWN *vs.* NATHAN J. DAVIS.

Middlesex.   Nov. 18, 1884. — Jan. 10, 1885.   FIELD & COLBURN, JJ., absent.

A. and B. executed an agreement by which B. agreed to convey, as executor, a certain parcel of land to A., and A. agreed to pay for the same within four months from the date of the agreement. In an action by A. against B. for breach of this agreement, it appeared that, before the expiration of the four months, A. made an arrangement with a third person for a loan of the sum of money necessary to enable him to perform his part of the contract, if B. could give a good title to the land; and that B. was informed of this. B. took no action to enable him to sell the land until after the expiration of the four months, when he obtained a license from the Probate Court authorizing him to sell the land, and he sold it to a third person. *Held,* that the action could not be maintained.

CONTRACT for the breach of a written agreement, executed on February 3, 1882, by the terms of which the defendant agreed to sell, and the plaintiff agreed to buy, certain real estate in Somerville, "the same to be conveyed by a good and sufficient deed of the said Nathan J. Davis, as executor of the estate of Cyrus B. Rowe, conveying a good and clear title to the same, free from all incumbrances; and for such deed and conveyance" the plaintiff was to pay a certain sum "in four months from the date hereof."

Trial in the Superior Court, before *Rockwell,* J., who allowed a bill of exceptions, in substance as follows:

It was admitted that the defendant, at the time of the execution of said agreement, was the executor of the will of Cyrus B. Rowe, deceased; that at that time the premises described in said agreement belonged to the estate of said Rowe; that the defendant, as executor, on October 3, 1882, obtained a license from the Probate Court to sell said real estate by public auction

for the payment of the debts of the testator; and that the defendant, as executor, under the license, sold the real estate by public auction to one Shedd, on October 21, 1882.

The plaintiff testified, that the defendant told him, when the contract was executed, that he could give him a good title to the premises; that the plaintiff took possession of the premises under the contract, and made repairs and additions amounting to $407; that during the month of May, 1882, the plaintiff made arrangements with one Richards for a loan of the sum of money necessary to enable him perform his part of the contract; that Richards agreed to lend the necessary amount, provided the defendant could give the plaintiff a good title to the premises; that thereupon, in said May, the plaintiff told the defendant that he could get the necessary amount of money from Richards, if the defendant could give the plaintiff a good title; that, on October 7, 1882, after the defendant, as executor, had obtained said license to sell the premises, the plaintiff, accompanied by Richards and another person, went to the defendant and told him that he had come to take up his obligation, if he could have the deed; and that the defendant answered that he had sold the property to another party.

On cross-examination, the plaintiff testified, as to said interview, " I told the defendant that Richards would let me have the money if I could get a good title. None of us had the money with us as I know of."

The plaintiff admitted that no formal tender was ever made by him.

The defendant asked the judge to rule that the plaintiff could not maintain this action, because a legal tender was not made within said term of four months.

The plaintiff contended that, as, by the terms of the contract, payment by him was to be made for delivery of a good and sufficient deed, the fact that such delivery by the defendant was not possible excused a tender by the plaintiff; that the power to give such deed and the actual offer thereof were conditions precedent to the necessity of tender by the plaintiff; that inasmuch as the defendant at no time had a good title, and could not give the plaintiff a good title, the plaintiff, as matter of law, was not required to make a formal tender of said sum; and that

the plaintiff had performed his part of the contract by expressing his readiness to fulfil the terms thereof in the manner above stated.

. The judge ruled that, to maintain this action under the contract, the plaintiff must have made legal tender within said four months; and that the plaintiff was not excused therefrom because the defendant was not in a position, at any time during said period, to fulfil his part of the contract; and directed the jury to return a verdict for the defendant. The plaintiff alleged exceptions.

*J. H. Cotton & H. W. B. Cotton*, for the plaintiff.

*S. C. Darling*, for the defendant.

C. ALLEN, J. · The delivery of the deed and the payment of the money were to be concurrent acts. It is true that the defendant did not do what was necessary to enable himself to give a good title within the four months. But he did nothing to disable himself from performance. He merely omitted to prepare himself. He remained inactive. This did not relieve the plaintiff from the duty of making an offer to perform on his part. There was no time when the plaintiff had prepared himself to perform presently his part of the contract. Neither party took sufficient steps to hold the other. It is no doubt true, that an actual tender of the money by the plaintiff was not necessary; but he must show that he was ready, willing, and able to do his part, and that the defendant had notice thereof. Nothing short of this would put the defendant in legal default. The maxim, that the law does not compel one to do vain or useless things, does not apply to a case like this. Here both parties remained inactive, in the eye of the law. What the plaintiff did by way of arranging for the money was merely preliminary, and was quite insufficient to give him a right of action. *Hapgood* v. *Shaw*, 105 Mass. 276. *Smith* v. *Boston & Maine Railroad*, 6 Allen, 262, 273. *Howland* v. *Leach*, 11 Pick. 151. There was no waiver by the defendant, as in *Gormley* v. *Kyle*, 137 Mass. 189. *Exceptions overruled.*