RALPH C. HILL *vs.* EMILY E. ALLEN & another.

Middlesex.    November 19, 1903. — January 8, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Landlord and Tenant.    Contract,* Construction.

A written lease for the term of three years contained the following provision: "With the right and privilege of said lessees at any time on or before the expiration of this lease to purchase the above described leased premises for the sum of twenty-six hundred dollars; and the said lessor hereby binds himself to give unto the said lessees a good and sufficient deed of said leased premises upon the tender of said amount at any time as aforesaid; and if the said lessees shall elect to purchase said premises at any time during the continuance of this lease, then, and in that event, all moneys which shall have been paid as rent as hereinafter provided shall be deemed and considered as paid on account for the purchase of said premises and applied in part payment of said sum of twenty-six hundred dollars." *Held,* that, by giving a notice of their election to purchase, the lessees did not acquire a right to occupy the premises free of rent for three years, but, to exercise their option, must tender the $2,600 and demand a deed within a reasonable time after notifying the lessor of their intention to purchase.

CONTRACT, on a covenant in a lease, for four months' rent. Writ dated March 23, 1900.

In the Superior Court *Sheldon,* J. ordered a verdict for the plaintiff. The jury returned such a verdict in the sum of $38 and interest; and the defendant alleged exceptions.

*H. N. Allin,* for the defendant.

*S. H. Tyng & L. E. Fales,* for the plaintiff.

LATHROP, J. This is an action on a written lease, dated November 14, 1899, to recover the balance of rent due for four months from November 15, 1899, to March 16, 1900. At the

trial in the Superior Court the judge ruled that the plaintiff was entitled to recover this amount, and the case is before us on the defendants' exceptions to this ruling.

The lease in question was for three years from November 15, 1899, at the rent of $150 a year, payable in monthly instalments of $12.50 on the fifteenth day of each and every month during the continuance of the lease, with a right reserved to the lessor to enter and expel the lessees for non-payment of the rent.

The lease contained the following clause: " With the right and privilege of said lessees at any time on or before the expiration of this lease to purchase the above described leased premises for the sum of twenty-six hundred dollars ; and the said lessor hereby binds himself to give unto the said lessees a good and sufficient deed of said leased premises upon the tender of said amount at any time as aforesaid; and if the said lessees shall elect to purchase said premises at any time during the continuance of this lease, then, and in that event, all moneys which shall have been paid as rent as hereinafter provided shall be deemed and considered as paid on account for the purchase of said premises and applied in part payment of said sum of twenty-six hundred dollars."

The defendants admitted that they entered under the lease on November 14, 1899, but did not pay any rent, and were expelled in the following April. The first named defendant testified that on November 29, 1899, she had a conversation with the plaintiff, in which she told him she would buy the place, and he said " Yes." She further testified: " I told him I had elected to buy that farm." The other defendant testified that he was present and heard the conversation. Nothing further appears to have been done. There was no tender of the $2,600, and no deed was demanded.

The contention of the defendants is that as they had the option to purchase the farm at any time during the term of the lease, they were not obliged to pay rent after saying they would buy the place, and that, without doing anything further, they could go on and occupy the farm free of rent for three years. But it was clearly the duty of the defendants, under the terms of the option, within a reasonable time after notifying the plaintiff of their intention to purchase, to tender the $2,600 and de-

mand a deed.  Until this was done, they were liable for rent.
See *Pomroy* v. *Gold*, 2 Met. 500; *Brown* v. *Davis*, 138 Mass.
458.

*Exceptions overruled.*