PUTNAM-HOOKER COMPANY *vs.* EDMUND D. HEWINS.

Suffolk.    November 11, 1909. — January 11, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Contract,* Construction, Consideration, Performance and breach.

The declaration in an action of contract alleged that the defendant in November of a certain year agreed in writing to purchase from the plaintiff a large quantity of cotton sheeting of a certain width, weave and weight, deliverable at certain periods between January 1 and April 1, that, disputes having arisen between the parties as to the quality of the goods shipped to the defendant on other contracts, the parties agreed on January 10 that the defendant should take a certain amount of goods previously billed to him, that his order previously given should be reduced, and that the terms of credit for the various shipments should be extended, that thereafter the plaintiff delivered the goods but the defendant refused to pay for a certain portion thereof.   At the trial before a judge without a jury the evidence was wholly documentary, contained correspondence covering the entire period of negotiations between the parties as to the original contracts and the agreement of January 10, and included evidence which tended to support the allegations of the declaration.   It appeared that the original contracts, which were contained in letters, while they contained no express warranty of the quality of the cloth to be furnished, did contain a description of the cloth as to width, weave and weight, which was intended to identify the subject matter of the bargain and to constitute a warranty of the goods to be delivered ; that it was because of disputes as to whether goods of such description had been delivered to the defendant that, at the close of extended negotiations looking to settlement, the agreement of January 10 was made, which contained the following :  "As to additional order for these same 40" goods, we [the plaintiff] have reduced this."   It was goods in the additional order that the defendant refused to pay for, contending that the evidence showed that the goods delivered did not conform to the requirements of the original contracts.   The plaintiff's evidence tended to show that the goods delivered were of the same width, weave and weight as were those that had been delivered under the original contracts and as to which the dispute arose.   The defendant asked for a ruling that the plaintiff must show that the goods furnished satisfied the requirements of the original contracts as to quality, and that he could not rely even on a waiver of such requirements by the defendant.   *Held,* that, while the defendant's contention would have been sound in an action upon the original contracts, it was without foundation in this action, which was upon a new contract made for an adequate consideration ; that the words in the contract of January 10, "order for these same 40" goods" meant goods of the same quality that had been furnished, not necessarily of the same quality as should have been furnished under the original contracts, and that, there having been evidence sufficient to warrant a finding that such goods had been delivered by the plaintiff and had not been paid for by the defendant, the exceptions must be overruled.

CONTRACT. Writ dated June 24, 1908.

The declaration was as follows: " The plaintiff says that it is engaged in the business of selling cotton goods and sheetings, and that on or about the fifteenth day of November, 1907, the defendant agreed in writing to purchase from the plaintiff a large quantity of 40'' 4.50 yd. 48 × 52 sheeting at 5¾ c. deliverable about 10,000 yards a week from January first to April first, 1908, goods to run within about five points. Thereafter disputes arose between the plaintiff and the defendant in regard to the quality of similar goods delivered by the plaintiff to the defendant on other contracts, on similar terms, and on or about the tenth day of January, 1908, the plaintiff and defendant agreed that the defendant should take about 40,000 yards of goods previously billed to him; that his order previously given should be reduced to 35,000 yards to be shipped him weekly commencing February 1, all at the price of 5¾ c. per yard; and to change the dates when the defendant should pay for the same. Thereafter the plaintiff continued to deliver the goods and has delivered all of said goods of the character and quality called for and agreed upon. And the defendant has received the same and has paid for a large part thereof but has refused to pay for " a certain forty-seven bales, " although the purchase price therefor is due and payable. And the plaintiff says that the defendant owes it the amount of $4,370.68 for said goods so sold and delivered with interest thereon, from the dates when payment became due."

The case was tried before *Fessenden*, J., without a jury. The evidence put in by the plaintiff consisted wholly of documentary exhibits, namely, some fifty-five letters and the invoices and bills of lading for the forty-seven bales of goods and telegrams, which passed between the plaintiff and defendant from early in February, 1907, down to and including April, 1908, and an itemized statement of the mill weights of the bales, which was introduced in evidence by the plaintiff upon an agreement with the defendant that such weights were the true and correct mill weights of the bales of goods for which the action was brought.

The bill of exceptions states that " it was agreed at the trial that the trade description of the goods, namely, ' 40-inch 48 × 52, 4.50 yard sheetings ' meant sheetings forty inches wide, weigh-

ing four and one half yards to the pound, with the threads running forty-eight threads warp to the inch and fifty-two threads filling to the inch."

The agreement of January 10, 1908, upon which the declaration was based, was contained in a letter of that date which was written by the plaintiff to the defendant after a personal interview between the parties which closed extended negotiations looking to the settlement of certain claims made by the defendant regarding the weight of the goods furnished by the plaintiff. The letter was as follows:

" As per our arrangement with Mr. Hewins this date, we enclose you statement of goods already charged to you with the extra dating marked on each invoice. As to additional order for these same 40″ goods, we have reduced this from 50,000 yards to 35,000 yards. These goods to be shipped to you at the rate of about 8500 yards weekly, shipments to begin February 1st. Price 5¾c." [Here followed the plaintiff's signature, a schedule of shipments and prices, and an initialed approval by the defendant.]

At the close of the plaintiff's evidence, the defendant rested and asked the judge for the following rulings among others:

" 4. The evidence shows that the meaning of the expression in the contract that the goods should be ' 4.50 ' construction is, as a matter of law, that the sheeting should weigh $4\frac{1}{2}$ yards to the pound, and this is a weight to be taken by the piece and not to be averaged up by the bale, for it well might be that a bale showed, after allowing for the tare (i. e. for weight of wrapping, bale bands, etc.) an average weight of 4.50 yards to a pound, and yet the pieces composing the bale might vary in the extreme, running both ways over 5 points of 4.50 and still make the bale average up to the 4.50 construction, so that the bale weight is not at all conclusive to prove compliance with the contract, although it is important in proving breach of the contract, if it does not show an average weight within the 5 point variation of 4.50 yards to a pound.

" 5. The matter of quality and construction of the goods was exclusively in the knowledge of the plaintiff until after an opportunity was afforded the defendant for inspection, the quality and construction were conditions of the contract sale

and there was clear evidence of the breach of such conditions, and judgment should be for the defendant."

" 8. Under all the circumstances of the case, the defendant exercised his right to rescind the contract in seasonable time and before he had in any way dealt with the goods as owner, and the defendant acted with the customary promptness, under all the circumstances of the case, in notifying the plaintiff of his rejection of the goods for defects therein, and said notice was given before the plaintiff's position had in any way been changed or prejudiced by non-acceptance of the goods by the defendant."

" 10. Upon all the evidence, judgment should be entered for the defendant."

The rulings were refused, the judge found for the plaintiff; and the defendant alleged exceptions.

Other facts are stated in the opinion.

*E. N. Carpenter & F. N. Nay,* for the defendant.

*P. Ketchum,* for the plaintiff.

SHELDON, J.   The defendant contends that the trial judge on all the evidence should have entered judgment in his favor.   He contends that his contract with the plaintiff was for goods of the specified weight of four and a half yards to the pound, with no greater variation than one of five points, or five hundredths of a yard, to the pound in any case; and that the plaintiff did not deliver to him such goods, but that the goods which it did deliver to him varied more than five points from the specified weight, being sometimes lighter and sometimes heavier; and that this failure to deliver the goods agreed upon entitled him to rescind his purchase and debars the plaintiff from recovery in an action like this, brought directly upon the contract and without any allegation that the defendant has waived any of the stipulations thereof.   He also contends that there is no sufficient evidence that the goods sued for have been either delivered or accepted by him.

The plaintiff's contention is that by the agreement made between the parties on January 10, 1908, a settlement of the disputes which had arisen between them was reached ; that by the terms of this agreement, considered with reference to the existing situation, the defendant abandoned the objections which he had

made to the goods that had been delivered to him and agreed to
pay for these goods and for those which, though invoiced to him,
had not yet been actually delivered, at the end of an extended
term of credit, and to purchase the additional goods which were
mentioned in the memorandum of the agreement, and which
were to be of a width, weave and weight substantially the same
as those already delivered or invoiced, about which the former
disputes had arisen. And the plaintiff contends that it has
delivered these goods, that the term of credit has expired, and
that it is entitled to recover the agreed price. There was evi-
dence in support of these contentions, such as would warrant a
finding in favor of the plaintiff. It still remains true, of course,
as it was correctly ruled at the trial, that the plaintiff, having
sued upon a special contract and averred performance on its
part, must prove such performance, that is, must prove that it
has delivered to the defendant goods of the specified width,
weave and weight, and cannot base a recovery upon the ground
that the defendant has waived any of these requirements, or
that he has accepted, with or without complaint, goods which
fell short of these requirements. *Allen* v. *Burns*, 201 Mass. 74.
*Palmer* v. *Sawyer*, 114 Mass. 1, 13. *Colt* v. *Miller*, 10 Cush. 49.
*Pomroy* v. *Gold*, 2 Met. 500, 502. Evidence of the previous
transactions and negotiations between the plaintiff and the
defendant was competent to put the trial judge into the situa-
tion of the parties and thus enable him to construe correctly the
language which they used and determine rightly their real in-
tent. *Smith* v. *Vose & Sons Piano Co.* 194 Mass. 193, 200, and
cases cited. *Merriam* v. *United States*, 107 U. S. 437. This evi-
dence, as to which there was no dispute since it consisted entirely
of written instruments, made it clear that, although there was
no warranty of the quality of the cloth, yet the description of
the cloth as to width, weave and weight had been intended to
identify the subject matter of the bargain and to constitute as
to these matters a warranty of the goods to be delivered. *Edgar*
v. *Breck & Sons Corp.* 172 Mass. 581. *Gould* v. *Stein*, 149 Mass.
570. *Henshaw* v. *Robins*, 9 Met. 83. *King Philip Mills* v.
*Slater*, 12 R. I. 82. *Dayton* v. *Hooglund*, 39 Ohio St. 671.
*Bowes* v. *Shand*, 2 App. Cas. 455. The defendant would have
been justified in rescinding the contract and refusing to accept

the goods if in any respect they have failed to come up to this warranty. *Fullam* v. *Wright & Colton Wire Cloth Co.* 196 Mass. 474. *Alden* v. *Hart*, 161 Mass. 576. *Smith* v. *Hale*, 158 Mass. 178. *Cleveland Rolling Mill* v. *Rhodes*, 121 U. S. 255.

But the plaintiff's action was not brought upon the original bargain or upon any of the purchases and sales made thereunder. It was brought upon the agreement of January 10, 1908, which was made expressly as an adjustment and compromise of their respective rights. It was made upon valuable consideration and altered the situation of the parties. By its terms the defendant was to accept the goods which had been already delivered or invoiced to him, and abandon his claim that they did not come up to the old standard. This was not strictly a mere waiver of his rights under the old bargain; it was a new and independent agreement by which the rights of the parties were to be thenceforth regulated. And the additional order was for thirty-five thousand yards "of the same 40″ goods." These words upon their face purported to describe goods like those which had been previously furnished and which the defendant now agreed to accept and pay for, and not goods which should conform to the claims that either party had made previously, whether those claims had or had not been well founded. Certainly, upon the evidence of the situation of the parties and of their previous correspondence the judge was warranted in saying that this was the proper construction of the new agreement. That this was his view sufficiently appears from his finding in favor of the plaintiff, taken in connection with the rulings which he gave and those which he refused to give. And he had a right upon the evidence to find that the cloth delivered by the plaintiff to the defendant conformed to the standard fixed by the agreement, that is, that it was as to width, weave and weight of the same character as the cloth which previously had been delivered upon the defendant's orders.

Looking in detail at the rulings refused, it is plain from what has been said that the tenth request ought not to have been given, and that a ruling that the plaintiff was entitled to recover was made rightly. The plaintiff recovered because it proved that the contract upon which it relied had been entered into, and that it had performed this contract by making the agreed

deliveries as they were stipulated to be made. The judge was not bound to rule that the defendant's claim made in November, 1907, as to the permissible limits of variation in weight, was incorporated into the new agreement; it may be doubted whether he would have had a right so to rule.

The fourth and fifth requests were rightly refused. They were not applicable to the facts of the case. The new agreement was not that the goods should weigh four and a half yards to the pound, but that they should be of the same kind as the goods already delivered or invoiced to the defendant, that they should not fall below the weight named more than those goods had done. The eighth request was properly refused because upon the findings which must be taken to have been made the defendant had no right of rescission.

*Exceptions overruled.*