Cabe, J.
This is an action brought on the defendant’s bond as warehouseman for failure to return certain personal property of the plaintiff. There was evidence warranting a finding that the goods in question were the property of the plaintiff; that he had left them for free storage with Joseph C. Harrington; that by virtue of an execution in a proceeding of summary process against said Harrington, they were, with goods of Harrington, removed by a constable and stored with the defendant in the name of said Harrington in whose name a warehouse receipt was issued; that by letter the plaintiff demanded his property; that thereafter, the plaintiff received a letter from the defendant asking information and replied, giving sources from which such information might be obtained. There was no evidence as to how the goods in question were kept by Harrington, whether separate or mingled with his own; nor as to how the constable served the writ; nor as to what steps he took before storing them; nor whether the plaintiff was present and took any steps in regard to his property while it was in the possession of the officer. There was no evidence that the plaintiff ever asked the defendant if it claim *596 ed a lien on the property or sought in any way to have the amount of the lien determined or that the plaintiff ever offered to pay the amount due for storage.
There is a distinction between attaching goods where the purpose is to withhold them from the owner to satisfy judgment against him and a removal of goods on a summary process proceeding where the object is to free the premises but not to withhold the property. In either case the officer may have to store the goods but in the first instance it is to retain possession: in the second for the benefit of the owner.
The difficulty in disposing of a stranger’s goods found on the premises was overcome by the Act of 1899 Ch. 412, now Gen. Laws Ter. Ed. Ch. 239 §4. If such third person is present and claims the goods the officer shall leave them on the sidewalk or street; otherwise, he may store them for the benefit of the owner and the one who accepts them for storage has a lien for storage and expense of removing.
The plaintiff’s goods, then, were such as the officer could store and subject to lien.
It is true that the statute provides for storage for the benefit of the owner. But in the absence of evidence that the officer knew the goods belonged to the plaintiff and that they were not mingled with the goods of the tenant, Harrington, we think that neither he nor the warehouseman should be in a worse position than an officer attaching mingled goods before the owner points out his oto. Shumway v. Rutter, 8 Pick. 443.
Doubtless, the plaintiff would have had no difficulty in obtaining his goods if he had inquired about the lien, asked to have the amount of the claim for storage determined and paid the amount. In fact, he never put the defendant in a position where it was required to take any position as to its lien. The plaintiff was jockeying for position; not attempt *597 ing to do justice. On the situation disclosed by the evidence, we think the defendant’s first request should have been given.
The defendant remained inactive but this did not relieve the plaintiff of the duty to establish bis right to bring suit by putting the defendant in default. Brown v. Davis, 138 Mass. 458. Lowe v. Harwood, 139 Mass. 135.
The defendant never refused to give up the plaintiff’s goods but if it had, without asserting the lien, all parties knowing the facts and not being excused for ignorance of the law, it would not have waived its lien. Fowler v. Parsons, 143 Mass. 401, 406.
The fact that before the defendant’s attention had been called to the plaintiff’s ownership of part of the goods brought in for storage by the constable, it made a charge on its books of $175 for storage of all the property, and that at the trial it was not able to state what part of the charge related to the plaintiff’s property, does not show that on proper application by the plaintiff it could not determine a fair charge for storing plaintiff’s goods.
There is nothing in the plaintiff’s objection to the form of the defendant’s requests for rulings. Though entitled motion, they were not in the.form of a motion. Substance not form is important. They were accepted, understood, and acted on by the trial judge. The order therefore is,
Finding for the plaintiff vacated; judgment for the defendants.