Rescript Opinions.

KENNETH S. RICHARDSON vs. GORDON B. PARKER & another.  January 3, 1968.  Richardson, on June 28, 1966, brought this bill for specific performance of a somewhat indefinite contract, dated January 17, 1966, to buy land from the Parkers.  Conveyance was to be (1) "conditional" upon securing oil permits upon applications signed by the Parkers but never filed by Richardson, and (2) subject to Richardson's ability to secure financing.  If Richardson did not give notice within thirty days that he could not obtain financing, it was to "be presumed that financing . . . [was] available" and the agreement in effect.  The land was to be conveyed within sixty days after the permits were issued.  The trial judge, on the conflicting reported evidence, justifiably found that Richardson represented that he had negotiated with one oil company; that he failed to interest either that or another company; that he was "engaged in a speculative hope that . . . negotiations with . . . oil companies would" succeed; that he "was given every reasonable opportunity to fulfill" the agreement; that there was "no credible evidence . . . that . . . [Richardson] had any funds" or would have the needed funds; and that the Parkers were never asked to press applications for the oil permits.  The final decree dismissed the bill.  The contract did not expressly make time of the essence.  See Corbin Contracts, §§ 1167, 1177.  Nevertheless, it reasonably could have been concluded in the circumstances that, when the Parkers' attorney on April 15, 1966, notified Richardson that because of delay the agreement no longer bound them, more than a reasonable time (see *Powers, Inc.* v. *Wayside, Inc. of Falmouth*, 343 Mass. 686, 690–691) for full performance by Richardson had passed.

*Decree affirmed with costs.*

*George L. Wainwright* for the plaintiff.
*Alton F. Lyon* for the defendants.

RAYMOND BROADHURST & another[1] vs. BOARD OF ASSESSORS OF ACUSHNET (and a companion case).  January 4, 1968.  These appeals from the Appellate Tax Board challenge the correctness of the board's ruling that a disability contracted in the military service in July, 1940, cannot be the basis of a veteran's claim for exemption of property from taxation under G. L. c. 59, § 5, Twenty-second (a), as amended through St. 1962, c. 666, § 1.  Clause Twenty-second applied inter alia to property of certain classes of persons who served in the armed forces of the United States between September 16, 1940, and December 31, 1946.  Subclause (a) defined the class to which Broadhurst claims to belong: "Soldiers and sailors who, as a result of disabilities contracted while in such war time service and in the line of duty, have a disability rating of ten per cent or more . . . ."  The board's ruling was right.  Subclause (a) as applied to Broadhurst referred to service between September 16, 1940, and December 31, 1946.  The disability was discovered and treated in July, 1940, and the circumstance that it was treated for some period after September 16, 1940, does not support the contention that it was contracted within the stated period.  We do not reach the contention of the appellee that the statute had an additional requirement, that is, that the service must not only have been between the specified dates but must also have been at a time when the United States was actually at war.  We intend no suggestion.

*Decision of Appellate Tax Board affirmed.*

The case was submitted on briefs.
*Raymond Broadhurst*, pro se.
*Ferdinand B. Sowa* for the Board of Assessors of Acushnet.

[1] Virginia T. Broadhurst.