MARSHALL J. STEWART, trustee, *vs.* RICHARD W. LALLY & another. March 18, 1976. In this action the prospective purchaser of a parcel of real estate in Andover (the locus) appeals from a judgment dismissing his action for specific performance of the purchase and sale agreement. The agreement (in which time was not expressed to be of the essence)

was executed on May 24, 1973; the date set for performance was on or before October 1, 1973. At the insistence of the plaintiff, the agreement was made contingent on "the approval of the site as a subdivision by the Planning Board and by The Board of Health and Hatch Act Approval." Having failed to obtain the specified approvals, the plaintiff was not prepared to close the deal on October 1. On October 2 the defendants notified the plaintiff that the agreement was terminated because of the plaintiff's failure to perform as agreed. As of October 1, the plaintiff had taken various preliminary steps which included an aerial topographical survey and percolation tests, and the planning board had, on September 15, 1973, endorsed a "Form A" plan of nine of the lots as not requiring subdivision approval. However, the plaintiff's preliminary plan with respect to the remainder of the locus was rejected by the planning board on October 23, 1973, with specific reasons listed for the rejection. The plaintiff did not submit a definitive plan until March 25, 1974. The board of health rejected this plan after a public hearing for failure to furnish results of percolation tests on each of the thirty-nine lots of the proposed subdivision, and on May 21, 1974, the planning board rejected this plan, again listing specific reasons for the rejection. The judge found that up to the time of the hearing in the Superior Court, September 19, 1974, the plaintiff had done nothing to remedy the deficiencies found by the planning board in the definitive plan. The plaintiff did not at any time request an extension of time for performance beyond October 1, 1973, nor did he waive the contingency clause of the contract.[1] The defendants contemplated that papers would be passed approximately five months from the date of the execution of the agreement. At the time of the hearing in the Superior Court, sixteen months had elapsed since the date of the agreement and four months had passed following planning board disapproval. We believe that the trial judge was not "clearly erroneous" (Mass.R. Civ.P. 52[a], 365 Mass. 816 [1974]) in finding that "more than a reasonable period of time" had elapsed for the plaintiff to obtain the approval required by the contingency clause of the agreement. Not having done so, the plaintiff is not now entitled to specific performance. *Powers, Inc.* v. *Wayside, Inc. of Falmouth,* 343 Mass. 686, 690-693 (1962). *Richardson* v. *Parker,* 353 Mass. 764 (1968). Contrast *Mansfield* v. *Wiles,* 221 Mass. 75, 83 (1915).

*Judgment affirmed.*

*Susan S. Maire* for the plaintiff.
*Richard M. Sullivan* for the defendants.

---

[1] His complaint sought to have the defendants ordered to convey the locus "upon ... [the plaintiff's] obtaining the approvals required" by the contingency clause.