JACOB KING & another *vs.* CHARLES H. CONNORS & others.

Franklin.    September 21, 1915. — November 24, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction*, Specific performance. *Contract*, Performance and breach.

In a suit to enforce the specific performance of a contract in writing to purchase real estate upon the delivery of a good and sufficient warranty deed "on or before" a day named, including with the real estate the personal property contained in a hotel, where it appeared that the contract contained no stipulation making time the essence of the contract and the circumstances required no inference that the parties intended the day named to be necessarily the actual day of the conveyance, it was *held*, that the offer of a good and sufficient deed by the plaintiff on the day after the day named, which was refused by the defendant on the ground that it was too late, entitled the plaintiff to a decree for specific performance.

In a suit to enforce the specific performance of a contract to purchase certain real estate from the plaintiff, where the plaintiff has agreed to deliver a good and sufficient warranty deed of the premises "clear of all incumbrances," the offer of such a deed entitles the plaintiff to a decree for specific performance, although a tenant of the plaintiff on the day of the offer has not surrendered his lease of a portion of the premises, if such tenant has promised in writing to execute a release and surrender of the leased portion of the premises whenever required to do so within thirty days, this being a sufficient compliance with the contract.

CARROLL, J.   In March, 1913, the plaintiffs agreed to sell and the defendants to buy the hotel property of the plaintiffs in Greenfield, Massachusetts, "on or before May first next, for the sum of thirty thousand ($30,000) dollars." One thousand dollars was deposited with Charles H. Keith "on account of the purchase price of said property." The remainder was to be paid as follows: "$14,000 in cash, upon delivery . . . of a good and sufficient warranty deed of the premises, clear of all incumbrances, except taxes assessed April 1st., 1913 . . . on or before said first day of May next, and the balance of the purchase price, viz: — $15,000, is to be paid . . . by mortgage upon the premises."

. The agreement was in writing, and in addition to the real estate therein described it included all the personal property in the hotel, with the exception of that in three rooms over the bar room and a few other articles specially mentioned; it further provided that if the defendants failed to comply with its conditions the $1,000 already deposited with Keith was to be paid to the plaintiffs, "as agreed upon and liquidated damages."

May 1, 1913, the plaintiffs were not ready and able to perform. On the second day of May, however, they were ready and able to fulfil the terms of the sale. On the morning of that day they notified the attorney for the defendants of their ability and desire to act, and were told it was too late, that the sale should have been completed on the first day of May, and that, the plaintiffs having failed in this respect, the defendants were therefore excused from performance.

Thereupon this bill in equity was brought to specifically enforce the contract. The facts being found by a master, a decree was entered in the Superior Court * dismissing the bill.

In equity, under an agreement like the one before us, time is not considered of the essence of the contract unless it expressly

* By order of *Callahan*, J.

so appears or is to be implied from the attending circumstances. *Mansfield* v. *Wiles,* 221 Mass. 75.    *Lennon* v. *Napper,* 2 Sch. & Lef. 682, 684.    See 31 Law Quarterly Review, 253.    The written instrument contained no express stipulation making the time stated of the essence of the contract, and there is nothing in the terms of the contract, in the nature of the property to be conveyed, or in the existing circumstances, which requires an inference that the parties intended May 1, 1913, to be the necessary and essential time for carrying the sale into effect.

On the second day of May the plaintiffs' tenant had not surrendered the lease of a portion of the premises occupied by him, although it was agreed that the premises were to be free of all incumbrances.    The tenant, however, had promised in writing to execute a release and surrender the premises whenever required, within thirty days.    This was a sufficient compliance with the contract.    *Mansfield* v. *Wiles, supra.    Richmond* v. *Gray,* 3 Allen, 25, 31.    *Dresel* v. *Jordan,* 104 Mass. 407, 415.

It follows that the decree must be reversed and a decree entered for the plaintiffs, the terms of which are to be settled by a judge of the Superior Court.

*So ordered.*

*H. E. Ward, (W. A. Davenport* with him,) for the plaintiffs.
*F. J. Lawler,* for the defendants.