E. ROSCOE HAZEN *vs.* EARL A. WARWICK & others.

Middlesex.     March 1, 1926. — June 3, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Equity Jurisdiction,* Specific performance.   *Partnership.   Contract,* What constitutes.   *Time.*

In equity time is not of the essence of an agreement by a partner to convey to his copartner his interest in the real estate and personal property of the partnership, except where there is an express agreement that it shall be so treated or there is a clear and necessary implication from the circumstances that such was the intent of the parties to the agreement.

Title to real estate of a partnership of two partners was in the name of their respective wives.   After one partner, following negotiations, had agreed with his copartner to purchase his interest for a certain sum and to pass papers two days later, it not being specifically agreed that time was of the essence of the contract, he sought a loan of money with which to carry out the purchase.   Upon his not being ready on the date set, his partner concluded that he would not be able to carry out the transaction, interviewed one from whom the first partner was seeking a loan, and, without knowledge of the first partner's negotiations, four days after the time set for the sale between the partners caused the interest in the real estate standing in his wife's name and his own interest in the partnership to be conveyed to that person for substantially the same price he was to receive from his partner.   The grantee knew the property was partnership property.   In a suit in equity by the first partner against the second partner and his grantee to compel performance of the agreement of sale and purchase, it was *held,* that

(1) It could not be ruled as a matter of law that the plaintiff was guilty of laches;

(2) An actual tender by the plaintiff to the defendant partner of the purchase price was not a condition precedent to the enforcement of his right to maintain the bill, because in the circumstances such tender would have been nugatory;

(3) The transfer to the second partner's grantee did not make him a member of the partnership, did not of itself dissolve the partnership,

and did not entitle the grantee to interfere in the management or administration of the partnership business or affairs; it entitled him only to receive in accordance with his contract the profits to which the assigning partner would otherwise be entitled, and, in case of dissolution, the share of the assigning partner after the affairs of the firm were settled;

(4) The partnership was the equitable owner of the real estate, the legal title to which stood in the names of the wives of the partners;

(5) The second partner's grantee held the real estate and partnership interest of such partner in trust for the partnership and subject to the defendant partner's obligations to convey it to the plaintiff, in performance of the agreement of sale between the partners, upon receiving the agreed purchase price.

(6) Specific performance by the defendant partner was ordered.

BILL IN EQUITY, filed in the Superior Court on September 21, 1921, and afterwards amended, against Earl A. Warwick, Florence H. Warwick and Joseph Hart, seeking to have real estate on Lebanon Street in Malden, legal title to which stood in the names of Etta Tayne Hazen and the defendant Florence H. Warwick, declared to be partnership property of a partnership between the plaintiff and the defendant Earl A. Warwick, doing business under the name and style, Hazen and Warwick Garage; and that the holders of the legal title thereto be ordered to hold it as trustees of the partnership; that a conveyance of a one-half interest in the real estate by Florence H. Warwick to Joseph Hart be declared void and that Hart be enjoined from interfering with or conveying title to anyone; that Earl A. Warwick be enjoined from violating the terms of the copartnership and be required specifically to perform an agreement, described in the opinion, to sell his interest to the plaintiff and that Hart be adjudged a trustee of the title he held from Florence H. Warwick and Earl A. Warwick and ordered to convey it to the plaintiff in accordance with such agreement.

The suit was referred to a master. Facts found by the master are stated in the opinion. His report was ordered confirmed. The suit was heard by *Dubuque*, J., by whose order was entered the final decree described in the opinion. The defendants appealed.

*M. J. Mulkern*, (*J. A. Pagum* with him,) for the defendants.
*J. J. Kaplan* (*E. E. Ginsburg* with him,) for the plaintiff.

PIERCE, J.   This is an appeal from a final decree of the
Superior Court, wherein it was adjudged that certain real
estate, which stood in the names of Etta Tayne Hazen and
Florence H. Warwick, was and is the property of the copart-
nership composed of E. Roscoe Hazen and Earl A. Warwick,
known as the Hazen & Warwick Garage; that the defendant
Joseph Hart holds such interest in the same as may have been
conveyed to him by the defendant Florence H. Warwick,
by deed, in which the defendant Earl A. Warwick joined, as
trustee for the benefit of the said copartnership, subject to
the obligation of the defendant Earl A. Warwick to sell and
transfer his interest in the same and in all other assets of the
said copartnership to the plaintiff E. Roscoe Hazen; that the
defendant Hart holds in trust for the plaintiff Hazen the legal
title to one-half interest in the said property conveyed to
him by the defendant Florence H. Warwick, and all interest
in the copartnership known as Hazen & Warwick Garage
acquired by him by conveyance executed by the defendant
Earl A. Warwick.   The decree ordered and directed the de-
fendant Hart forthwith, by good and sufficient deed, to
transfer and convey to the plaintiff that one-half interest
transferred to the defendant Hart by deed from the de-
fendant Florence H. Warwick, and also to convey and trans-
fer to the plaintiff all the right, title and interest of the
defendant Hart in the partnership known as the Hazen &
Warwick Garage, and all the assets thereof, including all
rights in the said partnership and the assets thereof which
the defendant Earl A. Warwick transferred or purported
to transfer to the defendant Hart, upon the receipt from the
plaintiff of the sum of $8,000.   The decree further ordered
that upon the payment of the sum of $8,000 by the plaintiff
to the defendant Joseph Hart, the defendants Earl A.
Warwick and Florence H. Warwick are required and
directed by way of confirmation, forthwith to transfer
and convey to the plaintiff E. Roscoe Hazen the undivided
one-half interest in the said real estate No. 42, 44 and
46 Lebanon Street, in the city of Malden, formerly held
by said Florence H. Warwick for the benefit of the said
copartnership; and further, that the defendant Earl A. War-
wick, upon the payment of the said sum of $8,000 by the

plaintiff to the defendant Hart, forthwith transfer and con-
vey to the plaintiff E. Roscoe Hazen all the right, title and
interest of the defendant Earl A. Warwick in a copartnership
known as Hazen & Warwick Garage, and the assets thereof.

The decree, above recited in part, is based on the pleadings
and on the report of a master, to which no party filed objec-
tion or exception. The bill is not demurred to and the
statute of frauds is not pleaded.

The material facts found by the master succinctly stated
are as follows: Hazen and Warwick were copartners under
an agreement which was to continue until November 6,
1922; that period of time had not expired when the bill was
brought, but did come to an end before the case came on for
hearing. For some time before September 21, 1921, when
the bill was filed, there were negotiations between the part-
ners respecting the dissolution of the partnership and the
buying out of the interest of one partner by the other. These
culminated in August, 1921, in a proposition from the defend-
ant Earl A. Warwick to buy or sell. On September 6,
1921, Warwick offered to sell his share for $8,000 and a
Packard limousine car. As an alternative, he offered to
buy Hazen's share of the partnership for $10,000 cash.
This offer contemplated and included the transfer of one-half
interest in the real estate. On September 10, 1921, it was
agreed that Hazen would purchase and Warwick would sell
one-half interest in the partnership for the sum of $8,000 and
the Packard limousine. It was agreed that the attorney for
Warwick should draw the necessary papers for the dissolution
of the partnership, the transfer of the one-half interest in
the real estate and the other partnership assets, and that the
partners should meet at the office of one Ginsburg on the
following Monday, September 12.

After the papers were prepared and ready for delivery,
Warwick learned in some way that the sale could not be
carried through that day. These papers since that day have
never been tendered by Warwick, or on his behalf, to Hazen;
and there has never been a tender by Hazen, or by any one
on his behalf, of $8,000 to Warwick. Hazen never had in
his possession or control sufficient funds to pay $8,000 in

cash to the Warwicks. He expected and intended to raise this amount of money partly by placing a mortgage on certain property owned by his mother, partly by money which he hoped to obtain from the defendant Hart, and the balance from a second mortgage to one Ginsburg.

During these negotiations Hazen applied to Hart for a loan of $8,000 which he informed Hart was to cover the entire purchase price. Hart knew that this included Warwick's interest in the real estate. Hart agreed to loan Hazen $8,000 but wanted some security. The negotiations never proceeded far enough for any arrangement to be made as to the amount or nature of such security, and Hart's agreement to loan $8,000 "was never anything more than a naked promise, unsupported by any consideration from Hazen and was based on conditions which never came into existence." Neither Hazen nor any one on his behalf ever gave any message, directly or indirectly, to Warwick that he had definitely abandoned his intention of acquiring one-half interest in the partnership owned by Warwick. Warwick nevertheless concluded that he would be unable to do business with Hazen, and, not knowing of Hazen's negotiations with Hart, proposed to Hart that he (Hart) buy Warwick's interest for $8,000. Hart knew that Hazen and Warwick were partners. He knew the garage was used as partnership property and that Warwick had agreed to sell his one-half interest in the partnership to Hazen for $8,000. On September 16, 1921, Hart took a deed from Mrs. Warwick of an undivided one-half interest in the land and buildings on Lebanon Street occupied by the partnership, and on the same day received of Warwick a transfer of all Warwick's right, title and interest in the copartnership of the Hazen & Warwick Garage. For this transfer and conveyance Hart paid Warwick $8,000 in cash. From the inception of the copartnership the title to the real estate used in the partnership business stood in the names of Etta Tayne Hazen and Florence H. Warwick, as tenants in common, and was held by them to protect that property of the partnership from attachments in the event of any action being brought against the partnership by any person who might have a claim for

damages for injuries to person or property inflicted by any automobiles owned by the partnership. It was the intention of the partners to own one or more automobiles for the purpose of renting the same for hire, and this intention was subsequently carried out.

In their brief the defendants make no contention that on the facts of this case a court of equity has not jurisdiction to enforce a contract of one partner to sell to another partner all his right and interest in the partnership for a certain sum, which sale shall operate at once as a dissolution of the partnership and as a final accounting between the partners. So far as there be doubt of the power of a court of equity in this regard, of which no opinion is here expressed, we treat that question as waived by the defendants. See St. 1922, c. 486, § 30.

Upon the findings of the master that "The papers to which reference is above made have never been tendered by the defendant Earl A. Warwick or in his behalf to the plaintiff, or to any one acting in behalf of the plaintiff. On the other hand, there has never been a tender by the plaintiff or in his behalf of the sum of $8,000 to the defendant Earl A. Warwick or any one acting in his behalf. The plaintiff never had in his possession or control sufficient funds to pay $8,000 in cash to the defendant Earl A. Warwick. He expected and intended to raise this amount"; and the additional finding that "no definite date was set for the completion of the transaction," the defendants base a contention that this is not a proper case for specific performance. Such contention is unsound. Time is not of the essence of the agreement in equity except where there is an express agreement that it shall be so treated or there is a clear and necessary implication from the circumstances that such was the intent of the parties to the agreement. *Preferred Underwriters, Inc.* v. *New York, New Haven & Hartford Railroad,* 243 Mass. 457, 463. The delay of the plaintiff was not great and thereby he was not guilty of laches. *Barnard* v. *Lee,* 97 Mass. 92. An actual tender by the plaintiff of $8,000 was unnecessary because on the facts it would have been wholly nugatory. The conduct of the defendant was equivalent to a waiver of any right to insist upon

a tender as preliminary to the plaintiff's enforcement of the contract. *Mansfield* v. *Hodgdon,* 147 Mass. 304. *Tobin* v. *Larkin,* 183 Mass. 389, 392. *Staples* v. *Mullen,* 196 Mass. 132, 133. The transfer by Warwick to Hart of all his right, title and interest in and to the copartnership, without the concurrence of Hazen, did not make Hart a partner in the firm of Hazen & Warwick Garage, did not of itself dissolve the partnership, and did not entitle Hart to interfere in the management or administration of the partnership business or affairs, but only entitled him to receive in accordance with his contract the profits to which the assigning partner would otherwise be entitled, and in case of dissolution the share of the assigning partner after the affairs of the firm are settled. St. 1922, c. 486, §§ 24-27. The partnership was the equitable owner of the real estate, the legal title to which stood in the names of the wives of the partners. In this case it is not necessary to consider whether a court of equity would impose a constructive trust on the legal title and compel a conveyance to the firm or to its nominee because Mrs. Warwick did convey her title to the real estate, which she held in trust for the firm, to Hart, who had knowledge of the equitable interest of the firm in the property conveyed to him. It is plain that Hart held the estate so conveyed in trust for the partnership in like manner and subject to the same obligations as Warwick would have held it if the estate had been conveyed to him. Complete justice between the partners is worked by the decree.

*Decree affirmed.*