MARY E. DWYER *vs.* ROBERT G. LAVIGNE.

Worcester. September 24, 1945. — January 7, 1946.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Landlord and Tenant*, Assignment of lease, Rent. *Contract*, Construction.

A promise made by the assignee in an assignment of a lease "to pay the rent" thereafter falling due under the lease was a promise to pay it to the assignor, the lessee.

A lessor of real estate was entitled to recover rent from one to whom the lessee had assigned the lease by virtue of a promise to pay the rent to the lessee, made to the lessee by the assignee in the assignment, and of a later transfer to the lessor of the lessee's claim against his assignee "for and on account of rent," even though the defendant, shortly after taking his assignment from the lessee, himself had assigned the lease to another; the ground of liability to the lessor was privity of contract and not privity of estate.

CONTRACT. Writ in the Central District Court of Worcester dated December 17, 1941.

Upon removal to the Superior Court, the action was heard by *Buttrick*, J.

D. D. *Swain*, for the defendant.

C. W. *Proctor*, for the plaintiff.

SPALDING, J. This is an action of contract to recover rent. The case was tried to a judge of the Superior Court who found for the plaintiff, and comes here on the defendant's exceptions to the denial of certain requests for rulings.

The judge found that on March 1, 1940, the plaintiff executed a lease of the premises known as "Knotty Pine" to the Mayflower Ice Cream Company, Inc., hereinafter called Mayflower. The lease contained the provision that "In the event that the lessee shall assign the . . . lease or sublet the . . . premises, then it agrees to assign and does hereby assign from the payments to be made to it by its assignee or subtenant a sum equal to the payments called for under' . . . this lease." Simultaneously with the execution of the lease Mayflower made a written assignment of it to the defendant. In the assignment the defendant ,agreed with Mayflower "to pay the rent which may hereafter become due according to the terms of said lease." The defendant occupied the premises for a brief period, and in May sold his business to one Edwards who thereafter occupied the premises. The sale included an assignment of the lease by the defendant to Edwards. On August 31, 1941, Mayflower made an assignment for the benefit of creditors to one Slingerland, who in October of that year assigned to the plaintiff all claims against the defendant "for and on account of rent, or sums owing for the occupancy of the premises" described in the lease from the plaintiff to Mayflower.

The defendant paid rent for the first two months, and such payments as were made thereafter were made by Edwards. These payments of rent were made to Mayflower, which in turn paid them to an agent of the plaintiff. The defendant admitted that rent at least in the amount of $1,140 had accrued from June 1, 1940, to and including August 31, 1941, and had not been paid.

The defendant's sixth request asked the judge to rule

that the defendant was not liable to the plaintiff as lessor for any breach of the lease from the date in May when the defendant assigned the lease to Edwards. This was rightly denied. The defendant invokes the familiar rule that the liability of the assignee of a lease to the lessor for the performance of the terms of the lease is based on privity of estate and that when the privity no longer exists his liability to the lessor ceases. *Mason* v. *Smith*, 131 Mass. 510. *Donaldson* v. *Strong*, 195 Mass. 429, 431. *Kirby* v. *Goldman*, 270 Mass. 444, 447. But this principle is not applicable here. The plaintiff's rights against the defendant are based not upon privity of estate but upon privity of contract. The plaintiff is suing as an assignee of Mayflower's right to receive rent from the defendant. The defendant in taking the assignment of the lease from Mayflower agreed with it to pay the rent subsequently accruing under the lease. We construe the assignment, as evidently the trial judge did, as an agreement on the part of the defendant to pay the rent to Mayflower. Mayflower's right to the rent was acquired by the plaintiff under the assignment from Slingerland, Mayflower's assignee for the benefit of creditors. The defendant did not relieve himself of his contractual obligation to pay the rent to Mayflower by an assignment of the lease to Edwards. Duties under a contract cannot be avoided by the unilateral act of one of the parties. Williston on Contracts (Rev. ed.) § 411. See *68 Beacon Street, Inc.* v. *Sohier*, 289 Mass. 354, 359.

In view of what has been said it is not necessary to discuss the requests numbered 8, 9, 11 and 17 argued by the defendant; they were rightly denied.

*Exceptions overruled.*