DAVID G. WARD *vs.* GERALD H. DOUCETTE. September 13, 1973. In this
action of contract the plaintiff seeks to recover the sum of $1650 which he
paid to the defendant towards the purchase price of $3500 for a vacant lot
of land adjoining the plaintiff's property. There was a finding for the
defendant. The parties had agreed that the sum of $3500 would be paid
at the rate of $50 per month. The plaintiff made a first payment of $300
on November 30, 1967, and thereafter made irregular payments of $50
each in the aggregate amount of $1350 up to and including March 29,
1970. By letter on July 22, 1970, through his counsel, the plaintiff
informed the defendant that he was prepared to pay the balance due and
requested that a deed be executed for delivery to him. There is no
evidence that any reply to this request was received from the defendant
or his attorney or that any communication was received pertaining to the
agreement before the present action for recovery of the $1650 was
instituted by the plaintiff on September 22, 1970. A deed by the
defendant was executed in February, 1971, five months after the
commencement of the action, but never legally tendered to the plaintiff.
The law is clear that the July 22 letter did not constitute a legal tender of
payment. *Mondello* v. *Hanover Trust Co.* 252 Mass. 563, 567 (1925).
Consequently, we are confronted with a situation in which neither party
has completed his side of the bargain or made a legal tender to the other.
It has long been established that absent a legal tender on the part of
either party, neither can be deemed in default. Corbin, Contracts, § 663.
As a result the instant contract, in which time is certainly not of the
essence, is still in its executory stage, and any action brought under it is
premature until such time as a tender is made in order to test the other
party's ". . . ability and willingness to perform . . .." *Beck* v. *Doore,* 319
Mass. 707, 710 (1946).

*Order dismissing report affirmed.*

*Samuel Newman* for the plaintiff.
*Herbert L. Crimlisk (Elaine O. Shanley* with him) for the defendant.