SUN OIL COMPANY *vs.* EVA GREENBLATT & others. August 2, 1974. The defendants appeal from a decree ordering specific performance of an agreement to sell land to the plaintiff contending (1) that the agreement was illusory or at best an option which the plaintiff did not seasonably exercise, and (2) that their performance was excused by the plaintiff's failure to attempt tender of the

purchase price until July 8, 1968, ninety-two days after the closing date specified in the agreement as extended to April 7, 1968, pursuant to paragraph 9 thereof. As to the first of these contentions, the agreement was a bilateral contract binding the plaintiff to its promise to pay the purchase price upon the occurrence of its stated conditions. *Graphic Arts Finishers, Inc.* v. *Boston Redevelopment Authy.* 357 Mass. 40, 42-43 (1970). With respect to the second contention, special clause 2 of the agreement effected a further extension of ninety days (to July 6, 1968), when certain conditions had not occurred by April 7, and special clause 2 became operative despite the plaintiff's erroneous citation of paragraph 9 rather than of special clause 2 in its notice to the defendants of the second extension for the reasons stated in *New England Structures, Inc.* v. *Loranger,* 354 Mass. 62, 66 (1968). See *Perini Corp.* v. *Massachusetts Port Authy. ante,* 34, 44 (1974). Apart from the provision in paragraph 9 that "[t]ender of deed and purchase money are hereby waived," the fact that the plaintiff scheduled the closing for July 8 rather than July 6 (which was a Saturday, when the appropriate registry of deeds was closed) did not excuse the defendants' nonperformance because: (a) unless time is made of the essence of such an agreement, equity does not require performance within the time specified (*Mansfield* v. *Wiles,* 221 Mass. 75, 81-83 [1915]; *Morgan* v. *Forbes,* 236 Mass. 480, 485-486 [1920]; contrast *Dutton* v. *Bennett,* 262 Mass. 39, 40-41 [1928]) and (b) even if it were clear that time was of the essence, the plaintiff, having been ready, willing and able to pay the purchase price on July 6 (contrast *C. & W. Dyeing & Cleaning Co. Inc.* v. *DeQuattro,* 344 Mass. 739, 742-743 [1962]), was excused from making tender by the defendants' repudiation of the agreement on April 30 (*Mahoney* v. *Beebe,* 334 Mass. 165, 168-169 [1956]; *Horgan* v. *Ogilvie,* 361 Mass. 13, 17 [1972]). Our disposition of these issues makes unnecessary discussion of other issues raised by the defendants.

*Decree affirmed with costs of appeal.*

*David E. Crosby* for the defendants.

*Marvin R. Finn* for the plaintiff.