JOHN A. LIMPUS, JR. *vs.* THOMAS C. ARMSTRONG, JR.,
& another.

Bristol.    November 13, 1974. — January 28, 1975.

Present: HALE, C.J., ROSE, KEVILLE, GRANT, & ARMSTRONG, JJ.

*Equity Jurisdiction,* Specific performance.   *Contract,* For sale of real
    estate, Performance and breach.

Where a real estate purchase and sale agreement which specified a
    date for conveyance did not state that time was of the essence and
    neither the buyer nor the seller had tendered performance by the
    assigned conveyance date, the seller was not justified in repudiating
    the agreement although he had been unsuccessful in several at-
    tempts to communicate with the buyer before that date. [21-22]
The prospective buyer under a real estate purchase and sale agree-
    ment was not required to tender performance in order to be entitled
    to specific enforcement of the agreement where the prospective
    seller had repudiated the contract and entered into an inconsistent
    agreement with another. [22-24]

BILL IN EQUITY filed in the Superior Court on March 6,
1972.

The suit was heard by *Mitchell,* J., on a master's report.

*Ernest L. White, Jr.,* for the plaintiff.
*Francis M. O'Boy* for the defendants.

ARMSTRONG, J.   The plaintiff, Limpus, appeals from a
final decree dismissing his bill which sought specific perform-
ance of an agreement he executed to purchase a parcel
of land from the defendants, Armstrong and Ward, who are
cotenants. The case was referred to a master, who found
that under the agreement, which was dated September 16,
1971, the property was to be conveyed on or before No-
vember 25, 1971, for a price of $8,000. Limpus paid $100 as
a deposit. The agreement did not specify when the balance
of $7,900 was to be paid, nor did it specify a time or place
for passing papers. Limpus indicated that a certain attor-

ney would search the title for him, and all parties agreed that the same attorney should also draw the necessary papers.

The attorney completed the title search on October 18, 1971, and sent a letter to Ward on October 20 suggesting that Ward arrange a closing date with Limpus and enclosing a deed, mortgage, and note for execution at that time. On October 26, Ward telephoned Limpus at home, learned he was not there, and left a message to have Limpus return the call. Limpus did so, but was unable to reach Ward either at his place of business or at his home. On October 27, Limpus went to New York with his wife. He remained absent from his home substantially all the time between that date and December 2, 1971, although he did return to his home on three occasions.

Early in November, Armstrong made several calls to Limpus' residence but did not leave his telephone number or any message. On his return in December, Limpus saw messages that one "T.A." had called on November 9, 10, and 14. The initials "T.A." could have stood for one Thomas Avila, who worked for Limpus, as well as for Armstrong, with whom Limpus had never had any contact or conversation other than at the time of the execution of the purchase and sale agreement. Limpus did not ascertain who the "T.A." was who had made any of the calls.

On November 26, 1971, the day following the closing date specified in the agreement, the defendants agreed, whether orally or in writing does not appear, to sell the parcel of land to an unidentified third person for the same price. On November 29 the defendants sent a letter to Limpus asserting that the purchase and sale agreement "is no longer in force due to the failure of John A. Limpus to exercise his part of the agreement before its expiration date on November 25, 1971. The agreement, therefore, is null and void, and the deposit of $100.00 hereby forfeited." Limpus found the letter on December 2, when he returned from New York. He immediately telephoned Ward, who told Limpus that the latter had not returned any of Ward's calls and intimated that another party was interested in purchasing

the property. Limpus told Ward that he still desired the property and asked Ward to call him back. Ward never did so. So far as we know, nothing further happened until Limpus filed this suit four months later. The master did make findings, however, to the effect that neither the plaintiff nor the defendants made tender of performance and that the plaintiff "did not indicate to the... [defendants] that he was ready, able and willing to complete the transaction on or before November 25, 1971."

The defendants contend that Limpus is not entitled to specific performance because he did not make a formal tender and did not indicate to the defendants that he was ready, able, and willing to complete the transaction on or before the date of performance specified in the purchase and sale agreement. In a suit for specific performance of such an agreement, performance on the date specified is not ordinarily deemed to be of the essence, unless it is made so by express stipulation of the parties or is to be implied from the attendant circumstances. *Barnard* v. *Lee*, 97 Mass. 92 (1867). *Boston & Worcester St. Ry.* v. *Rose*, 194 Mass. 142, 149 (1907). *Mansfield* v. *Wiles*, 221 Mass. 75, 81-84 (1915). *King* v. *Connors*, 222 Mass. 261 (1915). *Morgan* v. *Forbes*, 236 Mass. 480, 485-486 (1920). *Dennett* v. *Norwood Housing Assn. Inc.* 241 Mass. 516, 520 (1922). *Preferred Underwriters, Inc.* v. *New York, N. H. & H. R.R.* 243 Mass. 457, 463-464 (1923). *Hazen* v. *Warwick*, 256 Mass. 302, 307 (1926). *Gevalt* v. *Diwoky*, 319 Mass. 715, 716 (1946). *Sun Oil Co.* v. *Greenblatt*, 2 Mass. App. Ct. 861 (1974). Corbin, Contracts, § 1177, pp. 314-317 (1964). Williston, Contracts, § 852, p. 203 (3d ed. 1962).

The purchase and sale agreement executed by the parties in this case contained no express provision that time was to be of the essence. Contrast *American Oil Co.* v. *Katsikas*, 1 Mass. App. Ct. 437, 439 (1973). Nor does any implication that time was of the essence arise from the provisions of the agreement or from the circumstances attending its execution. Contrast *Preferred Underwriters, Inc.* v. *New York, N. H. & H. R.R.*, *supra*, at 464-465. The mere fact that the agreement specified a date for closing did not make

time of the essence. *Boston & Worcester St. Ry.* v. *Rose, supra. King* v. *Connors, supra.* Corbin, Contracts, § 663, p. 179; § 716, p. 365 (1960).

The plaintiff's promise to pay the price and the defendants' promise to convey title were mutually dependent; simultaneous performance was contemplated. *Kane* v. *Hood,* 13 Pick. 281 (1832). Because the time specified for performance was not an essential condition, and neither party tendered performance on that day, neither was discharged, nor was either in breach or default. *Hapgood* v. *Shaw,* 105 Mass. 276, 279 (1870). *Flynn* v. *Wallace,* 359 Mass. 711, 716 (1971). *Ward* v. *Doucette,* 1 Mass. App. Ct. 842 (1973). Corbin, Contracts, § 663, pp. 179-180 (1960); § 1258 (1962). Since both the plaintiff and the defendants had failed to perform within the time specified for conveyance, either, by notice to the other upon unreasonable or unnecessary delay by the latter, might have assigned a reasonable time for the completion of the transaction, thereby making performance within that time of the essence of the contract. *Barnard* v. *Lee,* 97 Mass. at 94, 95. *Mansfield* v. *Wiles,* 221 Mass. at 82, 83. *Preferred Underwriters, Inc.* v. *New York, N. H. & H. R.R.* 243 Mass. at 464, and cases cited. Fry, Specific Performance, §§ 1092-1094 (6th ed. 1921). If the defendants had done so, and Limpus had rejected tender of a deed at the reasonable time fixed, Limpus would have been in default and the defendants would have been free to rescind. They did not take that course. Instead, they chose simply to repudiate the entire contract. This they had no right to do. *Mansfield* v. *Wiles,* 221 Mass. at 82-83.

The defendants' repudiation of their contractual obligation to Limpus and their execution of an inconsistent agreement with another made unnecessary any tender of performance or offer of performance by Limpus. *Hazen* v. *Warwick,* 256 Mass. at 307-308. *Leigh* v. *Rule,* 331 Mass. 664, 668 (1954). *M. DeMatteo Constr. Co.* v. *Daggett,* 341 Mass. 252, 257-259 (1960). *Tucker* v. *Connors,* 342 Mass. 376, 383 (1961). *Mayer* v. *Boston Metropolitan Airport, Inc.* 355 Mass. 344, 353-354 (1969). *A. B. C. Auto Parts, Inc.* v. *Moran,* 359 Mass. 327, 331 (1971). *Shepard* v. *Finance*

*Associates of Auburn, Inc.* 366 Mass. 182, 194-195 (1974).
Restatement: Contracts, § 306 (1932). See also *Hapgood*
v. *Shaw*, 105 Mass. at 278. Cf. *Pomroy* v. *Gold*, 2 Met. 500,
502-503 (1841). Limpus has pleaded that he is ready, will-
ing, and able to perform. The master made no finding to
the contrary. The absence of a finding that Limpus was or
is in fact ready, willing, and able does not bar specific per-
formance. *Hazen* v. *Warwick, supra,* at 307. See *Leigh* v.
*Rule, supra,* at 668. *A. B. C. Auto Parts, Inc.* v. *Moran,
supra,* at 331. Contrast *C. & W. Dyeing & Cleaning Co.
Inc.* v. *DeQuattro,* 344 Mass. 739, 742-743 (1962) (concern-
ing the buyer's burden of proof where the time for perform-
ance is of the essence and has expired), and *Strumskis* v.
*Tilenas,* 268 Mass. 550 (1929) (concerning the burden of
proof where it is the seller who is seeking specific perform-
ance of an agreement for the sale of real estate). A final
decree conditioning specific performance upon payment of
the remainder of the purchase price will adequately protect
the defendants' interests in this respect. *Tucker* v. *Connors,
supra,* at 383. Pomeroy, Equity Jurisprudence, § 1407a, pp.
1051, 1053 (5th ed. 1941). Corbin, Contracts, § 1175, pp.
298-299 (1964).

The case of *Beck* v. *Doore,* 319 Mass. 707 (1946), relied
on by the defendants for their contention that Limpus is
barred by having failed to make tender, is not in point.
That was an action by the purchaser to recover his deposit.
Such an action may be predicated either upon a default
by the seller or upon termination of the contract by agree-
ment of the parties, the passage of more than a reasonable
time (Corbin, Contracts, § 1258 [1962]), or mutual un-
willingness to carry out its provisions (compare *Greenberg*
v. *Lannigan,* 263 Mass. 594 [1928], with *Mayer* v. *Boston
Metropolitan Airport, Inc.* 355 Mass. 344, 354-355 [1969]).
Because the agreement in *Beck* v. *Doore* had not been ter-
minated, the plaintiff in that case was required to prove
that the seller was in default. The seller had not repudiated
the agreement, and there was no showing that it was impos-
sible for him to perform. In such circumstances it was
necessary for the plaintiff to make a tender in order to be

able to show that the seller was in default. Similarly, an action for damages under a purchase and sale agreement is predicated upon a showing of default by the party to be charged. *Bruni* v. *Andre*, 339 Mass. 708, 711-712 (1959).

A suit for specific performance, however, is not predicated upon a prior default. Corbin, Contracts, § 663, pp. 179-180 (1960). It is enough that one party clearly manifest his unwillingness to perform and that the other party not be in default or barred by acquiescence, laches, or other equitable considerations. See *Mansfield* v. *Wiles*, 221 Mass. 75, 83 (1915), and *Richardson* v. *Parker*, 353 Mass. 764 (1968). There is nothing in the master's report to warrant a conclusion that Limpus should be so barred.

Because of our conclusion that Limpus, on the record as it comes to us, is entitled to specific enforcement of the agreement, we mention certain points not reached by the trial court. The first is that although the parties discussed payment of the remainder of the price in instalments, the written contract entered into does not reflect any agreement to that effect and implicitly requires payment of the remainder of the price in cash. See *A. B. C. Auto Parts, Inc.* v. *Moran*, 359 Mass. at 329, 330. The second is that if it should appear on remand that the defendants are unable to convey title to Limpus because they have already conveyed to another person in accordance with the subsequent agreement mentioned in the master's report, that other person should be made a party defendant for the purpose of determining whether he is a bona fide purchaser for value with rights superior to the plaintiff's. *Parkhurst* v. *Maynard*, 285 Mass. 59, 62 (1933). *Forte* v. *Caruso*, 336 Mass. 476, 481 (1957). *Tucker* v. *Connors*, 342 Mass. at 382. *Flynn* v. *Wallace*, 359 Mass. 711, 718 (1971). In the event of a determination to that effect, the case should be retained for the assessment of Limpus' damages (if any) against the defendants. *Milkman* v. *Ordway*, 106 Mass. 232 (1870). *Newburyport Inst. for Sav.* v. *Puffer*, 201 Mass. 41, 47 (1909). *E. Kronman, Inc.* v. *Bunn Bros. Inc.* 258 Mass. 562, 567-568 (1927).

The final decree is reversed. The case is remanded to the Superior Court for further proceedings in conformity with this opinion.

*So ordered.*