STANLEY MERRY vs. A.W. PERRY, INC.

Plymouth. September 19, 1984. — October 10, 1984.

Present: DREBEN, KAPLAN, & FINE, JJ.

Contract, Sale of real estate, Performance and breach.

The prospective buyer under a real estate purchase and sale agreement was
not entitled to specific performance of the agreement where, some time
after the date specified for the closing had passed without a formal tender
of performance by either party, the prospective seller wrote to an attorney
designated by the buyer as representing him, stating that the agreement
would be repudiated unless the buyer informed the seller that he would
be "ready to perform shortly," and the buyer failed to respond to the
letter. [629-631]

CIVIL ACTION commenced in the Superior Court Department
on October 15, 1979.

The case was heard by Carey, J.

Alice M. Vogler for the plaintiff.

Thomas V. Urmy, Jr., for the defendant.

FINE, J. The plaintiff, Merry, whose complaint sought spe-
cific performance of an agreement for the purchase of a parcel
of land in Duxbury, appeals from a judgment entered in favor
of the defendant, A.W. Perry, Inc., after a jury-waived trial
in the Superior Court. The judge made findings of fact which
are amply supported by the evidence reported and which we
accept. Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974).

Merry, an experienced real estate investor, learned that a
developer had become interested in acquiring, for $3,000 an
acre, certain land Merry owned in Duxbury as well as twenty-
eight acres of land owned by the defendant, a Massachusetts
corporation also engaged in the real estate business. Merry
approached one Teuten, the defendant's executive vice-presi-
dent, and proposed to buy the twenty-eight acres. The parties
negotiated for some months concerning the price. When Teuten

told Merry he had no idea of the value of the parcels, Merry undertook to look into comparable sales in the area and to report his findings. Merry informed Teuten that comparable property was selling for between $420 and $800 an acre. Merry informed Teuten that he was interested in acquiring the property to add to his forestry program for tax purposes. Merry said nothing about the interest of the developer. Merry wrote to Teuten, offering to purchase the land for $25,000, and informing Teuten that "Atty. Edmund Angley . . . will be my attorney to receive your deeds and be in attendance at the closing." Further negotiations culminated in an agreement, reached in mid-December, 1978, for sale of the property for $27,800, papers to pass "within a 60-day period." In February, 1979, the defendant's attorney prepared deeds, forwarded copies to Mr. Angley, and had Teuten execute the originals. On March 6, 1979, Teuten wrote Merry advising him concerning what had transpired with regard to preparation of the deeds and communications with Mr. Angley, and that "Mr. Angley had no knowledge of the transaction." The letter concluded, "I suggest that you contact Mr. Angley if you intend to acquire the land." On March 14, 1979, the defendant's attorney wrote to Mr. Angley: "My client is disposed to return Mr. Merry's deposit and then offer the property to other interested parties unless we receive some information acknowledging that he will be ready to perform shortly." Merry did not respond to Teuten's March 6 letter or the attorney's March 14 letter. On April 26, 1979, Teuten wrote to Merry that "[d]ue to unreasonable delay on closing" the offer to sell was being withdrawn, that the property was being taken off the market and that the deposit was being returned.

Merry takes the position, relying heavily on *Limpus* v. *Armstrong,* 3 Mass. App. Ct. 19 (1975), that the purchase and sale agreement was still in effect on April 26, 1979, when Teuten notified Merry that he was rescinding the offer to sell the property. Because the facts of the *Limpus* case are significantly different from those in the instant situation, the plaintiff's reliance is misplaced. The trial judge was warranted in finding that as of April 26, 1979, Merry was not entitled to specific

performance and in ruling that the agreement was no longer in effect.

"The purchase and sale agreement executed by the parties in this case [although it set forth an approximate date for closing] contained no express provision that time was to be of the essence. . . . Nor does any implication that time was of the essence arise from . . . the agreement or from the circumstances attending its execution. . . . The mere fact that the agreement specified a date for closing did not make time of the essence. *Boston & Worcester St. Ry.* v. *Rose* [194 Mass. 142, 149 (1907)]. *King* v. *Connors* [222 Mass. 261 (1915)]. Corbin, Contracts § 663, [at] 179; § 716, [at] 365 (1960)." *Limpus* v. *Armstrong, supra* at 21-22.

The date specified for the closing passed without a formal tender of performance by either party. Time not being of the essence, the contract remained enforceable by either party. At this point, either party by notice to the other "might have assigned a reasonable time for the completion of the transaction, thereby making performance within that time of the essence of the contract. *Barnard* v. *Lee,* 97 Mass. [92,] 94, 95 [1867]. *Mansfield* v. *Wiles,* 221 Mass. [75,] 82, 83 [1915]. *Preferred Underwriters, Inc.* v. *New York, N.H. & H. R.R.,* 243 Mass. [457,] 464 [1923], and cases cited. Fry, Specific Performance, §§ 1092-1094 (6th ed. 1921)." *Limpus* v. *Armstrong, supra* at 22. Mr. Angley is the individual who Merry had stated would act as his attorney in connection with the transaction. Since Merry never informed Teuten that was not the case, it was reasonable for Teuten to regard Mr. Angley as Merry's representative for these purposes. The judge was warranted in finding that the March 14, 1979, letter, under all the circumstances, made time become of the essence. Had Merry tendered performance within a reasonable time after March 14, 1979, he would have been entitled to enforce the agreement. He did nothing, however, letting the reasonable time for performance lapse. In the *Limpus* case, on the other hand, the seller sold to a third party the property which was the subject of the agreement and so notified the original buyer within a few days of the closing date set forth in that agreement. The

seller had said or done nothing in the interim to make the time for performance become of the essence of the contract. Thus, the attempt by the seller to rescind was of no avail because the contract remained in force.

As the plaintiff, in any event, may not have specific performance, we need not reach the troublesome question whether the concealment of knowledge he had relating to the value of the property should preclude him from obtaining equitable relief.

*Judgment affirmed.*