Ruma, J.
This is an action by the plaintiff-buyers to recover damages for the defendant-sellers’ alleged breach of the parties’ real estate purchase and sale agreement and alleged unfair and deceptive practices in violation of G. L. c.93A. The sellers denied these allegations.
After a lengthy trial which concluded on November 2,1984,[3] the trial justice found the sellers to be in breach of the parties’ agreement and awarded damages to the buyers in the sum of $24,098.96. The trial justice also ruled that *69 G. L. c.93A did not apply to the transaction in question for the private sale of a residence by the owners.
The trial justice issued initial findings and rulings on May 13,1985; and then, in response to defendant-buyers’ Dist./Mun. Cts. R. Civ. P., Rule 59 motion for a new trial and to alter and amend judgment, issued extensive, amended findings and rulings on February 25, 1986. The judge filed his written disposition of the parties’ requests for rulings of law on March 14,1986. Both parties thereafter claimed an appeal to this Division. No consolidated report was settled by the trial justice. Instead, the defendant-buyers’ draft report challenging the court’s disposition of requested rulings was signed on July 9, 1986. The draft report filed by the plaintiff-buyers to contest the court’s G. L. c.93A ruling was allowed on July 10,1986. This latter report contains a third set of special findings.
There is no disagreement as to the salient facts. The plaintiff-buyers relocated for business reasons from California to Massachusetts in 1983. In May of that year, the sellers had placed their home in Winchester, Massachusetts on the market by signing an Exclusive Listing brokerage contract with Century 21 Realty Associates. The buyers were shown the property in question by another broker. On July 29,1983, both parties and both brokers signed a Greater Boston Real Estate Standard Form purchase and sale agreement for the sale of the property and for a brokerage commission. The stipulated price was $186,000.00 of which $18,000.00 was paid by the buyers as a deposit with the remaining balance due at the time of the delivery of the deed. The agreement specified 4:00 P.M. on October 6, 1983 at the Middlesex South Registry of Deeds as the time and place for the closing. An express provision rendered time the essence of the contract. Additional, material clauses called for the delivery of a deed conveying a “good and clear record and marketable title,” and permitted the sellers to utilize purchase monies at the passing to clear the title provided that all instruments were recorded simultaneously with the delivery of the deed.
After an inspection of the premises, the buyers arrived at the appropriate time at the Registry of Deeds on October 6, 1983. They were greeted by the attorney from their own mortgagee bank and by one of the brokers. Defendant-seller Salvatore Dattilo arrived at 4:00 P.M. to deliver the deed which was signed by his wife, defendant Dorothy Dattilo, but not yet signed by himself. In accordance with contract terms, the seller requested the buyers’ tender of the purchase funds in exchange for his signature and delivery of the deed. The attorney for the buyers’ mortgagee bank refused to tender the funds, indicating that as the Registry was at that hour closed for recording, the buyers would insist that the money was held in escrow by someone other than the seller until the next business day when all instruments could be recorded. Satisfactory escrow arrangements could not be agreed upon by the parties. Although the seller insisted upon compliance with contract terms, the closing did not take place and the transaction was not completed on October 6,1983.
The trial justice found that the sellers breached the parties’ agreement because they acted “unreasonably” in demanding monies due them at the time stated in the agreement. The trial justice also found that “since it was necessary to discharge the sellers’ mortgage, and the recording could occur at 4:00 P.M., it was reasonable to condition delivery of the funds to the sellers the next morning and not reasonable for the seller to demand his funds after 4:00 P.M. before he would deliver the deed.”
Both the plaintiffs and defendants claim to be aggrieved by various erroneous rulings and inconsistencies between findings and rulings which are *70 set forth in the multiple reports now before this Division. Only one of these rulings needs to be considered, however, as it is dispositive of the case.[4] Said ruling is the trial justice’s denial of the following request submitted by the defendant-sellers: ‘The evidence is not sufficient to warrant a finding for the plaintiffs, Lee & Esber.” The denial of this request signifies the court’s determination that sufficient evidence was adduced at trial to sustain both a finding of the sellers’ breach and a resulting judgment for the plaintiff-buyers. The principal issue on this appeal is whether on all of the evidence the sellers breached their agreement to sell their home. This is a question of law, not equity, and our review is so restricted. Compare Tremouliaris v. Pina, 23 Mass. App. Ct. 722, 725-726 (1987), quoting from Clark v. State St. Trust Co., 270 Mass. 140, 153 (1930).
We hold that the evidence, particularly the express terms of the parties’ written agreement, does not permit a finding that the sellers breached the agreement and, accordingly, that the denial of the above request constituted error requiring a reversal of the trial court’s judgment.
The trial court’s erroneous finding that the sellers breached the parties’ purchase and sale agreement is based upon the court’s subsidiary determination that the sellers were “unreasonable” in refusing to yield to the buyers’ insistence that the closing be postponed until the next business day. Pursuant to the terms of the agreement in question, the sellers were required to deliver the deed by 4:00 P.M. on October 6,1983 and the buyers were required to pay the balance of the purchase price. The buyers were just as obligated to perform at the time set for closing as were the sellers. Imper Realty Corp. v. Riss, 358 Mass. 529, 536 (1970). The sellers’ demand for the purchase monies to be paid immediately upon the delivery of the deed was clearly permitted and anticipated under the terms of the agreement. A buyer’s promise to pay the price and a seller’s promise to convey title are “mutually dependent; simultaneous performance [is] contemplated.” Limpus v. Armstrong, 3 Mass. App. Ct. 19, 22 (1975). Given the terms of the agreement, it was not unreasonable as a matter of law for the sellers to demand the balance of the purchase price to be paid to them and to no one else at the designated time on October 6, 1983. The recording of the deed was not a condition of the transaction and the inability to record at 4:00 P.M. was the sole reason offered by the plaintiffs for their refusal to tender payment. The fact that the Registry was closed for business could not be attributed to the sellers or characterized as a breach of the agreement.
Moreover, the contract expressly provided that time was of the essence. Such a provision, unless waived or modified, is binding upon both parties. Porter v. Harrington, 262 Mass. 203, 207 (1928). See also, Johnson v. Kelley, 342 Mass. 724; 726 (1961). It was the sellers’ prerogative to insist upon compliance with this contract clause and to reject the buyers’ attempt to extend the time for performance until the next business day. Modification of this provision, or any contract term, could have been effected solely by the mutual agreement of both parties. Devlin v. Newfell, 275 Mass. 279 (1931). Neither the buyers, nor their mortgagee bank’s attorney, could unilaterally change the terms of the parties’ agreement by extending the time for performance. “Duties under a contract cannot be avoided by the unilateral act *71 of one of the parties.” Dwyer v. Lavigne, 319 Mass. 26, 28 (1946).
Paragraph 14 of the parties’ purchase and sale agreement authorized the seller to utilize the purchase proceeds to discharge all encumbrances on the title provided that such discharges were recorded simultaneously with the delivery of the deed. As noted, the sellers offered to deliver the deed at the designated time. With respect to the operation of any unreasonableness herein, we note that the buyers’ mortgagee bank attorney was present with the note, mortgage and other necessary papers and in fact “intended to hold back the money ... to discharge the mortgage.” There is no finding and no other indication in the reports that the bank attorney or the buyers requested, demanded or expected the sellers to record the discharge at the time the deed was delivered. The buyers or their bank attorney could have just as reasonably paid the sellers the balance of the purchase price and withheld the monies due on the outstanding mortgage (as was apparently the intent) rather than insisting on an escrow arrangement or an extension of time for payment to the sellers. The parties also could have stipulated in the purchase and sale agreement to payment of the balance upon the recording of the deed rather than the delivery. In short, the reported evidence discloses no explanation for the buyers’ refusal to pay at least the net balance due to the sellers on October 6,1983.
In an action at law to recover for the sellers’ breach of an agreement for the purchase and sale of realty, a plaintiff-buyer must demonstrate that he was ready, willing and able to complete the transaction, that he tendered payment, Ciccone v. Smith, 3 Mass. App. Ct. 733 (1976) and that the seller was in default. Beck v. Doore, 319 Mass. 707, 710 (1946). The buyers herein could not allege a default by the sellers in the absence of evidence of their own tender of performance. Church of God in Christ, Inc. v. Congregation Kehillath Jacob, 370 Mass. 828, 834 (1976); Zerner v. White, 350 Mass. 773, 774 (1966); Ward v. Doucette, 1 Mass. App. Ct. 842 (1973). As the plaintiffs failed to satisfy their burden of proving, Hood v. McCarthy, 37 Mass. App. Dec. 140, 146 (1967), that they had made a timely tender of payment by an actual production of the monies due and an offer to pay such sum to the defendants, see Augello v. Hanover Trust Co., 263 Mass. 160, 166 (1926), a finding for the plaintiffs was not permissible on the evidence. The buyers’ refusal to tender performance at time specified by payment of the proceeds directly to the sellers excused performance by the sellers. See, generally, Gallinaro v. Fitzpatrick, 359 Mass. 6, 12 (1971); Kelley v. Weyerhaeuser Co., 12 Mass. App. Ct. 894, 896 (1981); Gossels v. Belluschi, 4 Mass. App. Ct. 810, 811 (1976); Brown v. Stoneham Bldg. Corp., 27 Mass. App. Dec. 34, 37 (1963).
In view of the plaintiff-buyers’ failure to satisfy their burden of proof, the defendant-sellers were entitled to judgment in their favor. The denial of the defendants’ request for ruling that “the evidence is not sufficient to warrant a finding for the plaintiffs, Lee & Esber” was reversible error.
Accordingly, judgment for the plaintiff-buyers is hereby vacated. This case is remanded so that judgment may be entered for the defendant-sellers.

 This case was consolidated for trial with Concord Division No. 830891, Stephen I. Owren, d/b/a Century 21, Winchester Realty Assoc., & Ann Blackkam & Co. v. Salvatore Dattilo & Dorothy C. Dattilo. See decision post.

 We sustain the trial court’s ruling that the parties’ transaction herein was not cognizable under G. L. c.93A as it was a sale of a private home by the owners in a non-business context Lantner v. Carson, 374 Mass. 606 (1978). An application of the factors outlines in Begelfer v. Najarian, 381 Mass. 177, 190-191 (1980) for the determination of a private v. business context to the facts of this case does not compel a different conclusion.