Dortch-Okara, J.
Plaintiff Lawrence P. Smith (“Smith”) has brought this action to enforce an oral contract to give him a five percent limited partnership interest in a commercial office building in Lexington known as One Cranberry Hill (hereinafter “the property”). Plaintiff, Cranberry Hill Associates, Inc., (“CHA”), seeks to enforce an oral agreement to give it a five-year contract to manage the property. Defendants have now moved to dismiss these claims pursuant to Mass.R.Civ.P. 12(b)(6). For the following reasons the motion is ALLOWED only as to Counts III and XII.
BACKGROUND
In May 1993, plaintiff Smith formed a partnership with Anthony J. Harnett (“Harnett") and Richard E. Glanz (“Glanz”) to purchase the property. In September 1993, The Prudential Insurance Company of America (“Prudential”), the seller of the property, accepted the Offer to Purchase made by Harnett and Glanz. Smith’s name did not appear on the Offer to Purchase, but he remained a partner in the acquisition with Harnett and Glanz.
Soon after Prudential’s acceptance of the Offer to Purchase, Harnett and Glanz had a falling out. As a result, Smith began a search for other partners which led him to Michael Egan and Carruth Capital Corporation (“Carruth”). After a series of negotiations, Glanz assigned his interest in the Offer to Purchase (and in Prudential’s acceptance thereof) to Carruth in exchange for Carruth’s promise to pay him $125,000.00 upon delivery of the deed to Carruth.
DISCUSSION
In Counts III and XII of their complaint, plaintiffs allege that when Glanz and Carruth executed their assignment agreement, Carruth assumed the partnership obligations of Glanz, including the fiduciary duty of acting with good faith and loyally toward plaintiffs. Plaintiffs further allege that these obligations included giving Smith a five percent equity interest in the property and giving CHA a five-year contract to manage the property.
Under Massachusetts law, conveyance of an interest in a partnership merely entitles the assignee to receive the profits to which the assignor would otherwise be entitled. G.L.c. 108A, §27. The transfer of right and interest in a partnership “without the concurrence of [the co-partner]” does not make the assignee a partner. Hazen v. Warwick, 256 Mass. 302, 308 (1926). No person can become a partner without consent of all the partners. G.L.c. 108A, §18(g).
Smith has not alleged sufficient facts to establish the intent of Harnett, Glanz’s co-partner, to form a partnership with Carruth. Therefore, no partnership was formed and Carruth owed no partnership obligation to plaintiffs.
ORDER
Based on the foregoing, it is hereby ORDERED that defendants’ Motion to Dismiss is ALLOWED as to Counts III and XII. In all other respects the Motion to Dismiss is DENIED.