NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1369

CHRISTIAN CHURCH LOGOS OF GOD

vs.

THE JOSEPH LEON MOTTOLO POST NO. 4524, VETERANS OF FOREIGN WARS OF THE UNITED STATES, INC., & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On March 30, 2021, Christian Church Logos of God (church) filed an action requesting, inter alia, specific performance against The Joseph Leon Mottolo Post No. 4524, Veterans of Foreign Wars of the United States, Inc. (Post) to enforce a purchase and sale agreement for a property located at 61 Lucia Avenue in Revere.[2]  On cross motions for summary judgment, a Superior Court judge denied the Post's motion for summary judgment and allowed the church's motion for summary judgment on

_____

[1] Casa Lucia, LLC.

[2] The property is a commercial structure that the Post used as a meeting/function hall.  The church intends to operate the property as a church.

its claim for specific performance.[3]  The Post appeals, arguing (1) that the purchase and sale agreement had expired without an extension, (2) in the alternative, that the church failed to produce evidence that it was ready, willing, and able to perform pursuant to the contract, and (3) the judge improperly relied on inadmissible hearsay of a deponent designated by the Post pursuant to Mass. R. Civ. Pro. 30 (b) (6), 489 Mass. 1401 (2022).  We affirm.

Background.  The parties entered into a purchase and sale agreement for the church to purchase the property from the Post on March 25, 2020.  The purchase and sale agreement set the closing date as May 15, 2020.  The parties do not dispute that, by agreement, they extended the closing date multiple times, until August 14, 2020.  They dispute, however, whether the date was extended to October 29, 2020.  The Post argues that the purchase and sale was not extended beyond August 14, 2020.

On August 11, 2020, David O'Neil, an attorney representing the church, sent an e-mail message to Cory Rhoades, an attorney representing the Post, regarding parking plans for the property and asked, "As for our closing, our last extension was to 8/14—

---

[3] Separate and final judgment entered on the claim for specific performance.  Thus, contrary to the church's contention, the judge's denial of the Post's cross-motion for summary judgment on that claim is properly before us.

what do you think a reasonable closing date would be assuming we can get our plans in to the city next week?" Rhoades responded, "In terms of zoning timing, we will be on the September hearing schedule with the appeal period passing sometime in late October. Maybe say 10/29 to be safe." That same day, O'Neil then sent Rhoades a letter asking that the Post return an executed copy of the letter to confirm the extension to October 29, 2020. The Post did not execute the letter.

Nevertheless, the parties' attorneys continued to communicate with each other about the sale. The Post's attorneys performed work to complete the sale through September, and the Post's deponent acknowledged that the Post was actively in the process of selling the property to the church as late as October 2, 2020. It was not until October 9, 2020, that the Post's attorneys communicated to O'Neil that they deemed the purchase and sale agreement to have expired on August 14, 2020, and were no longer willing to sell the property to the church. The church then brought this action on March 30, 2021.

Discussion. "We review the disposition of a motion for summary judgment de novo, to determine whether all material facts have been established such that the moving party is entitled to judgment as a matter of law" (citation omitted).

3

American Int'l Ins. Co. v. Robert Seuffer GMBH & Co., 468 Mass 109, 113 (2014).

1.  The closing date extension.  While the Post contends that the closing date was not extended to October 29, 2020, we agree with the judge that the e-mail exchange on August 11, 2020, between the Post and the church extended the closing date to October 29, 2020, and that even if it had not, the Post's subsequent conduct waived the August 14, 2020 deadline.

"In interpreting a written contract, such as a purchase and sale agreement, the court gives full effect to all the terms expressed by the parties."  Rogaris v. Albert, 431 Mass. 833, 835 (2000).  Additionally, "[c]onditions and clauses of a contract may be waived, either expressly or by words and conduct."  Owen v. Kessler, 56 Mass. App. Ct. 466, 470 (2002).  "[A]fter a variation of performance by a date certain has taken place in that the obligee has . . . waived the condition, that condition can be recreated only by a definite notice to the debtor providing that the notice gives a reasonable time for making up past deficiency" (quotation omitted).  Church of God in Christ, Inc. v. Congregation Kehillath Jacob, 370 Mass. 828, 834 (1976).

Here, the purchase and sale agreement granted the attorneys representing the parties the authority to grant extensions of

4

the closing date and explicitly recognized that e-mail transmissions were binding on them:

> "By executing this Agreement, the BUYER and SELLER hereby grant to their attorneys the actual authority to bind them for the sole limited purpose of allowing them to cancel, grant extensions, modify or amend this Agreement in writing, and the BUYER and SELLER shall be able to rely upon the signatures of said attorneys as binding unless they have actual knowledge that the principals have disclaimed the authority granted herein to bind them. Further, for purposes of this Agreement, email transmissions . . . shall be binding."

Given this language, the e-mail exchange between O'Neil and Rhoades, in which Rhoades himself proposed a new deadline of October 29, 2020, extended the closing date. See Rogaris, 431 Mass. at 835.

Importantly, even if the e-mail exchange had not extended the closing date, the fact that the Post's attorneys continued to work on and communicate with the church's attorney regarding the sale until the beginning of October 2020 effectively waived the August 14 closing date. See Owen 56 Mass. App. Ct. at 470. Therefore, even without the August 11 extension, the Post could not have cancelled the purchase and sale agreement without giving the church reasonable time to perform in accordance with its terms. See Church of God in Christ, Inc., 370 Mass at 832-834 (seller who agreed to open-ended closing date and accepted regular maintenance payments could not sell to other buyer without giving original buyer reasonable time to perform).

5

2.  The church's ability to perform.  The Post argues, relying on Kanavos v. Hancock Bank & Trust Co., that the church also was not entitled to summary judgment because the church had not shown that it would have been ready, willing, and able to purchase the property by October 29, 2020, the final agreed upon closing date.[4]  See 395 Mass. 199, 202 (1985) ("It is the general rule that when performance under a contract is concurrent, one party cannot put the other in default unless he is ready, able, and willing to perform and has manifested this by some offer of performance" [quotation omitted]).  However, the Supreme Judicial Court in Kavanos held that, "a tender of performance is not necessary if the other party has shown that he cannot or will not perform" (quotation omitted).  Id.  Although the Supreme Judicial Court further stated that "the financial ability of a prospective buyer of property is a material issue in his action for damages against a repudiating defendant for breach," here, the church was awarded specific performance rather than contract damages.  Id. at 202.  Indeed, "[a] final decree conditioning specific performance upon payment of the remainder of the purchase price will adequately protect the

_____

[4] Namely, the Post contends that the church failed to establish that it would have finalized a loan to purchase the property by October 29 and would have acquired a certificate of occupancy required for closing.

6

defendants' interests in this respect." Limpus v. Armstrong, 3 Mass. App. Ct. 19, 23 (1975), citing Tucker v. Connors, 342 Mass. 376, 383 (1961).[5] Therefore, "[t]he absence of a finding that [the buyer] was or is in fact ready, willing, and able does not bar specific performance." Limpus, supra at 23.

The Post's October 9, 2020 message and subsequent refusal to sell the property made it clear that it would not perform. Because the church received specific performance rather than contract damages, the church was accordingly excused from any requirement to show that it was ready, willing, and able to purchase the property on October 29, 2020. See Kanavos, 395 Mass. at 202; Limpus, 3 Mass. App. Ct. at 23.

3. Statements by the Post's deponent. The Post contends that the judge erred in relying on deposition testimony by the

---

[5] Although the Supreme Judicial Court in Tucker held that the buyer in that case should have alleged that he was ready, willing, and able to purchase the property, it noted that this requirement was either excused by the seller's refusal to perform or could be met by minor amendments to the buyer's pleading. 342 Mass. at 383 (Plaintiff "should have alleged in his bill his ability and willingness to pay the purchase price, but this allegation, if not entirely excused by Connors's action showing that tender would be futile, can but need not be added now by amendment"). Nevertheless, the church stated in its verified complaint that "[a]t all relevant times Plaintiff was and is ready, willing, and able to purchase the Property pursuant to the terms of the [purchase and sale agreement]."

Post's Mass. R. Civ. P. 30 (b) (6) designee,[6] characterizing that deposition testimony as inadmissible hearsay.  This contention is meritless and requires little discussion.  Assuming without deciding that the challenged deposition testimony was inadmissible, there was independent evidence to that same effect.  Specifically, the authors of the documentary evidence the church's lawyer presented the deponent were also deposed. Thus, any error was harmless.

Judgment affirmed.

By the Court (Desmond, Shin & Walsh, JJ.[7]),

*Paul Little*

Clerk

Entered:  February 12, 2026.

---

[6] Mass. R. Civ. P. 30 (b) (6) provides that when a party names a corporation as a deponent in a notice or subpoena, that corporation must designate a person to testify on the corporation's behalf.

[7] The panelists are listed in order of seniority.